IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANSAR EL MUHAMMAD, also
known as CHEVAL WRIGHT,

    Petitioner,               No. CIV S-04-1856 FCD JFM P

  vs.

JEANNE WOODFORD, et al.,

    Respondents.         FINDINGS AND RECOMMENDATIONS
_____/

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2001 conviction on charges of first degree murder, attempted second degree robbery, and second degree robbery, with true findings as to lesser included allegations of use of a firearm and that the murder was committed while petitioner was engaged in a robbery. Petitioner is serving a sentence of five years plus life in prison without parole.[1]

        Petitioner raises six claims in the instant action, including a claims of prosecutorial misconduct (Claim IV), ineffective assistance of trial counsel (Claim V), and ineffective assistance of appellate counsel (Claim VI). This matter is before the court on

---

[1] This action is proceeding on the first amended petition filed February 14, 2005.

1

respondents' motion to dismiss for failure to exhaust state remedies as to two allegations of the prosecutorial misconduct claim and as to the claims of ineffective assistance of trial and appellate counsel.[2]

PROCEDURAL BACKGROUND

Petitioner was first convicted of first degree murder and robbery in the crimes at bar in 1995. On December 7, 2000, the district court granted petitioner's application for writ of habeas corpus in Case No. CIV S-98-1173 FCD JFM P. Thereafter, the Sacramento County District Attorney elected to retry petitioner. Petitioner was found guilty by a jury on July 9, 2001, and sentenced on August 6, 2001.

Petitioner timely appealed from the judgment of conviction. (Appellant's Opening Brief, Item No. 9.)[3] On December 11, 2002, his conviction was affirmed by the California Court of Appeal for the Third Appellate District. (Appendix to Item No. 1, Petition for Review.) On January 17, 2003, petitioner filed a petition for review in the California Supreme Court. (Item No. 1.) On February 19, 2003, that petition was denied. (Item No. 2.). On February 24, 2003, the California Court of Appeal for the Third Appellate District issued its remittitur.[4]

On May 12, 2004, petitioner filed in the state court of appeal a motion to recall the remittitur. (Item No. 3.) In that motion, petitioner raised his present claims of ineffective assistance of appellate counsel and ineffective assistance of trial counsel. On June 4, 2004, the state court of appeal denied petitioner's motion with the following order: "Appellant's motion to

---

[2] This court heard oral argument on the motion on May 26, 2005. A.J. Kutchins, Esq. appeared as counsel for petitioner. Tami Warwick, Deputy Attorney General, appeared as counsel for respondents.

[3] On March 30 and May 17, 2005, respondents lodged as "Items" several documents from state court proceedings.

[4] The remittitur is issued to the trial court at the conclusion of petitioner's direct appeal. See Rule 26, California Rules of Court.

2

recall remittitur is denied without prejudice to file a petition for writ of habeas corpus in the superior court." (Item No. 5, App. B.)

On June 15, 2004, petitioner filed in the California Supreme Court a petition for review of the denial of his motion to recall the remittitur.  Therein, petitioner presented four issues for review, as follows:  (1) whether the trial court violated his constitutional rights by failing to give a cautionary accomplice testimony instruction where the "key prosecution witness" was an accomplice as a matter of law; (2) whether the trial court violated his constitutional rights by ordering the jury, in the middle of deliberations, to separate for eleven days without giving any cautionary instructions against misconduct during the separation; (3) whether he received constitutionally ineffective assistance of counsel when his trial attorney failed to (a) request accomplice testimony instructions, (b) seek an admonition against juror misconduct prior to the eleven-day separation ordered by the trial court, and (c) object to instances of prosecutorial misconduct in jury argument; and (4) whether he received constitutionally ineffective assistance of appellate counsel when his appellate attorney failed to raise the other three claims on direct review.  (Item No. 5.)

On September 1, 2004, the California Supreme Court summarily denied the June 15, 2004 petition for review without comment.  (Item No. 6.)

In the interim, on July 26, 2004, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court, in which he raised claims that the trial court had erred in not admonishing the jury before the eleven-day recess and that his trial counsel had been ineffective in failing to seek such an admonition and in failing to request a cautionary accomplice instruction.  (Item No. 7 at 4, and Appendix 3 thereto.)[5]  On July 28, 2004, petitioner filed in the superior court a motion for release of juror information.  By order filed August 27, 2004, both the petition and the motion were denied.  (Item No. 7, App. 3.)  The petition was

---

[5] The petition for writ of habeas corpus filed in the superior court is not part of the record before this court.

denied as untimely. (Id. at 1-2.) In addition, petitioner's first claim was rejected "for failure to give specific detail supported by reasonably available documentary evidence" showing that an admonition the jurors had received at the start of deliberations was insufficient to cover the eleven-day hiatus. (Id. at 2.) Petitioner's second claim was denied on the ground that any failure to give a cautionary accomplice instruction was not prejudicial. (Id. at 3.)

On September 7, 2004, petitioner filed a petition for writ of mandate in the California Court of Appeal for the Third Appellate District, seeking an order requiring the superior court to release juror information. (Item No. 7 at 8.) On September 23, 2004, the court of appeal summarily denied the petition. (Item No. 7, App. 4.) On September 30, 2004, petitioner filed a petition for writ of mandate in the California Supreme Court, seeking the same relief. (Item No. 7.) On November 10, 2004, the California Supreme Court summarily denied that petition. (Item No. 8.)

## ANALYSIS

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, a state prisoner must give "the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal citations and quotations omitted.) "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with discretionary powers of review) thereby alerting that court to the federal nature of the claim." Id. (citations omitted). The state court's opportunity to consider petitioner's claims must be "full and fair." Picard v. Connor, 404 U.S. 270, 276 (1971); see Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). Petitioner must fairly present the claim to that court, meaning he must describe the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78.

\\\

Whether petitioner's ineffective assistance of appellate and trial counsel claim are exhausted turns on whether raising claims in a motion to recall the remittur and petition for review thereof amounts to a "fair presentation" in the California Supreme Court. Respondents do not contest that these claims were presented to the California Supreme Court in petitioner's June 15, 2004 petition for review of the state court of appeal's denial of petitioner's motion to recall the remittur. Respondents contend that the June 15, 2004 petition for review did not effect presentation of those claims to the California Supreme Court for decision on the merits. See Castilles v. Peoples, 489 U.S. 346 (1989) (alleging a claim in a petition for allocatur before the Pennsylvania Supreme Court was not "fair presentation" of that claim, for exhaustion purposes); Pitchess v. Davis, 421 U.S. 482, 488 (1975) (California's writ of prohibition is an extraordinary writ, requiring little or no review of the underlying merits, does not serve to exhaust a habeas petitioner's available state remedies).

Petitioner counters that the question before the court is not governed by these general holdings, but rather by more precise Ninth Circuit precedent set forth in Hayward v. Stone, 496 F.2d 844 (9th Cir. 1974) and Gonzales v. Stone, 546 F.2d 807 (9th Cir. 1976). In Hayward, the court reviewed California law and concluded, in a case strikingly similar to this one, that, without question, a motion "to recall the remittitur may be used to bring [an ineffective assistance of appellate counsel claim] before the California Appellate and Supreme Courts." 496 F.2d at 846. Thus, the claim was exhausted. In Gonzales, the court concluded that a California application to recall the remittitur, and petition for review thereof, were sufficient to exhaust claims petitioner received ineffective assistance of trial counsel. 546 F.2d at 807-08 (ineffective assistance of counsel claim and lack of substantial evidence were exhausted through application to recall the remittitur and petition for review, but other claims were unexhausted and the mixed petition required dismissal).

In reply, respondents concedes that the motion to recall the remittitur "was once considered" an appropriate vehicle for asserting claims of ineffective assistance of appellate

5

1  counsel, but argues that the rule changed with the California Supreme Court's issuance of <u>People</u>
2  <u>v. Pope</u>, 23 Cal.3d 412, 426 (1979), <u>overruled on other grounds</u> in <u>People v. Berryman</u>, 6 Cal.4th
3  1048, 1081 n.10 (1993); <u>accord</u> <u>People v. Sakarias</u>, 22 Cal.4th 596, 636-37 (2000); <u>People v.</u>
4  <u>Mendoza Tello</u>, 15 Cal. 4th 264, 266-67 (1997).  These cases stand for the rule that ineffective
5  assistance of trial counsel claims should be raised in a petition for habeas corpus rather than
6  through appeal, where the record fails to reflect the reasons for the challenged acts or
7  ommissions, "unless there simply could be no satisfactory explanation."  <u>Pope</u>, 23 Cal.3d at 426.
8  They do not specifically reject the holding in <u>Hayward</u>, or the California law upon which it rests,
9  and indeed the use of the motion to recall the remittitur appears to survive <u>Pope</u>.  <u>See</u> <u>People v.</u>
10 <u>Valenzuela</u>, 175 Cal.App.3d 381, 395 (1985) (granting motion to recall remittitur on the ground
11 defendant was deprived of his constitutional right to the ineffective assistance of appellate
12 counsel), <u>overruled on other grounds</u> by <u>People v. Flood</u>, 18 Cal. 4th 470, 1998.  Respondents'
13 reply fails to address <u>Gonzales</u> at all.  This court is bound by the Ninth Circuit's rulings in
14 <u>Hayward</u> and <u>Gonzales</u> and on that basis finds petitioner's claims of ineffective assistance of trial
15 and appellate counsel exhausted.
16         Turning to petitioner's fourth claim for relief, the court finds it is fully exhausted
17 as well.  Petitioner alleges that "an extensive pattern of deliberate misconduct by the prosecutor
18 in arguments to the jury violated [his] right to due process and a fair trial," in violation of the
19 Fifth, Sixth and Fourteenth Amendments to the United States Constitution.   He claims the
20 "pattern of prosecution misconduct in argument" includes, but is not limited to, eight specific
21 statements to the jury.
22         The petition for review filed in the California Supreme Court included a claim
23 that petitioner's right to due process under the Fourteenth Amendment of the United States
24 Constitution was violated, based on "[t]he prosecutor's closing argument . . . in which he injected
25 personal opinions even after it was called to his attention."  (Item No. 1 at 8).  The petition for
26 review continued: "The problem is that these acts of misconduct interfered with the basic fairness

6

of the defendant's jury trial.  (U.S. Const., Amends. V, VI, XIV.)  The Court of Appeal notes that not all were the subject of objections, that those that were the subject were either proper or harmless, and that it is in disagreement with the appellant's view that this was an unfair process as opposed to a series of single incidents to be handled one by one."  Id.

Petitioner attached to his petition for review the appellate court's opinion affirming the conviction, which included an eight-page discussion of petitioner's prosecutorial misconduct claim.  The court of appeal reasoned thus:

> Deceptive or reprehensible methods of prosecutorial argument constitute misconduct under state law, to which we apply the familiar test for prejudice – whether its absence would make a more favorable outcome for the defendant reasonably likely.  If the misconduct is pervasive enough to infect the trial with unfairness, it violates a defendant's right to due process and must be harmless beyond a reasonable doubt.   In analyzing a prosecutor's argument, we must discern whether it is likely that a reasonable juror would construe it in an objectionable way.
>
> The defendant contends the prosecutor committed prejudicial misconduct during closing argument.  While his contention takes the form of a narrative criticism of the 70-odd pages of the argument, his general focus is on the prosecutor's communication of his personal beliefs, and references to facts dehors the record.
>
> Unlike the defendant, we do not find any overarching pattern of misconduct that infected the trial with unfairness.  We thus will address individually the claimed instances of misconduct to which he objected in the trial court.

(Item No. 1, App. A at 14-15 (citations and footnotes omitted).)

In footnote 11, the court of appeal cites law precluding appellate review of misconduct to which trial counsel fails to object, and then states "[w]e thus do not include instances of alleged misconduct to which the defendant did not object." Id. at 15.  In footnote 12, the appellate opinion states: "Without objection, the prosecutor later returned to the topic of the criminal complicity of gang members in offenses that other members commit.  The failure to object precludes the defendant from including these remarks in his argument.  The same is true of his tangential suggestion that the prosecutor diluted the standard of reasonable doubt in two brief remarks." Id. at 19 n.12.

1   Footnotes 11 and 12 allude to allegations in the appellate's opening brief set forth
2 as items 7 and 8 of the present petition. The court of appeal did not quote the challenged remarks
3 because it ruled that (1) there was no pattern of prosecutorial misconduct infecting the trial with
4 unfairness and violating due process, and (2) it need not consider those two claimed instances of
5 abuse because of trial counsel's failure to object. The first determination provides the basis of
6 petitioner's federal claim, i.e., that a pattern of inappropriate prosecutorial remarks to the jury
7 during closing argument violated his rights to due process and a fair trial. Respondents concede
8 the California Supreme Court was fairly apprised of the legal theory on which petitioner's claim
9 rested, and this court finds it was fully and fairly apprised of the operative facts as well.
10 Petitioner's fourth claim for relief is exhausted.

11   Accordingly, IT IS HEREBY RECOMMENDED that respondents' March 30,
12 2005 motion to dismiss be denied and respondents be required to file an answer.

13   These findings and recommendations will be submitted to the United States
14 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
15 fourteen days after being served with these findings and recommendations, any party may file
16 written objections with the court and serve a copy on all parties. Such a document should be
17 captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are
18 advised that failure to file objections within the specified time may waive the right to appeal the
19 District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
20 DATED: February 27, 2006.

UNITED STATES MAGISTRATE JUDGE

7
muha1856.mtd