IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANSAR EL MUHAMMAD also
known as CHEVAL WRIGHT,

      Petitioner,                  No. CIV S-04-1856 FCD JFM P

  vs.

JEANNE WOODFORD, et al.,

      Respondents.         ORDER
_____/

      Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2001 conviction on charges of first degree murder, attempted second degree robbery, and second degree robbery, with true findings as to allegations of use of a firearm and that the murder was committed while petitioner was engaged in a robbery.

      This action is proceeding on the first amended petition filed February 14, 2005. Therein, petitioner raises six claims, including a claim that his trial counsel was ineffective in, inter alia, failing to request that the trial court "admonish the jurors against engaging in improper contacts or other forms of misconduct" during an eleven day break in deliberations that began the day after jury deliberations started. This matter is before the court on petitioner's motion for discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States

1

District Courts, by which petitioner seeks an order directing respondents to provide him with the name, addresses and telephone numbers of the trial jurors.

  Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a judge to permit discovery in a habeas corpus case "for good cause shown." Rule 6(a), 28 U.S.C. foll. § 2254.

> The Supreme Court has stated that Rule 6(a ) "is meant to be 'consistent' " with its holding in Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), in which the Court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Bracy v. Gramley, 520 U.S. 899, 908-09, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) (quoting Harris, 394 U.S. at 300, 89 S.Ct. 1082) (alteration in original). Likewise, we have held that a district court abused its discretion in not ordering Rule 6(a) discovery when discovery was "essential" for the habeas petitioner to "develop fully" his underlying claim. Jones [v. Wood], 114 F.3d [1002] at 1009 [(9th Cir. 1997)].

Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005).

  Petitioner seeks the requested discovery in order to investigate facts relevant to the prejudice prong of the foregoing ineffective assistance of counsel claim. Petitioner was denied the requested discovery in state court on the ground that petitioner was "on a fishing expedition," and respondents oppose the instant motion on the same ground. (Opposition to Petitioner's Rule 6 Motion for Discovery, filed April 16, 2007, at 2.) Under Rule 6(a) of the federal habeas rules, respondents' contention is without merit.

  The record shows that petitioner's trial commenced on June 4, 2001. The jury began deliberations on June 27, 2001. The following day, the jury was dismissed for an eleven day period over the July 4 holiday without any admonishment from the court to refrain from improper contacts or communications about the trial during the break. On July 9, 2001, the day they returned from the break, the jury returned a verdict against petitioner. These factual circumstances, combined with the fact that there is no way for petitioner to fully develop the

prejudice prong of his ineffective assistance of counsel claim without the requested juror information, renders the discovery "essential" and this court duty-bound to grant the motion.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's April 2, 2007 motion for discovery is granted; and

2. Within thirty days from the date of this order petitioner shall seek the discovery authorized by this order; and

3. This matter is set for status conference on September 6, 2007 at 11:00 a.m. in Courtroom # 26.

DATED: June 14, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

12
muha1856.disc