IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANSAR EL MUHAMMAD also
known as CHEVAL WRIGHT,

      Petitioner,                      No. CIV S-04-1856 FCD JFM P

    vs.

JEANNE WOODFORD, et al.,[1]

      Respondents.
_____/

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came on for hearing on September 5, 2007 on petitioner's motion to compel the Clerk of the Sacramento County Superior court to comply with a subpoena duces tecum served by petitioner. A.J. Kutchins, Esq. appeared as counsel for petitioner. David Lowe, Deputy Attorney General, appeared as counsel for respondents. Franklin G. Gumpert, Esq., appeared as counsel for non-party Clerk of the Superior Court, Sacramento County.

        By order filed June 15, 2007, this court granted petitioner leave to conduct discovery to seek the names, addresses and telephone numbers of the jurors at petitioner's trial.

---

[1] Respondents have requested that the court substitute Derral G. Adams, Warden of Corcoran State Prison, in as respondent in this matter. Good cause appearing, the parties will be directed to file a stipulation and proposed order identifying the individual(s) who should be the named respondent(s) in this action.

1

On or about July 23, 2007,[2] petitioner served subpoenas duces tecum on the Sacramento County District Attorney and the Clerk of the Sacramento County Superior Court. On August 2, 2007, the Clerk of the Sacramento County Superior Court filed objections to the subpoena.[3] The instant motion followed.

On August 28, 2007, the Clerk of the Sacramento County Superior Court filed an opposition to the motion.[4] The Clerk contends that the Eleventh Amendment bars enforcement of the subpoena, and that the subpoena violates the privacy rights of the jurors. Neither contention has merit.

"The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The Supreme Court has held that the Eleventh Amendment bars a citizen from bringing a suit against his own state in federal court. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)." Micomonaco v. State of Wash., 45 F.3d 316, 319 (9th Cir. 1995).

> There are two 'well-established' exceptions to the Eleventh Amendment protection from suit. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171

---

[2] In the June 15, 2007 order, petitioner was granted thirty days to seek the discovery at issue. In his motion to compel, petitioner represents that he first worked with counsel for respondents in an informal attempt to obtain the material, and that he served the subpoena duces tecum at issue when he learned that those informal efforts would require obtaining materials from storage, a process that would take several weeks. See Motion to Compel, filed August 14, 2007, at 3-4.

[3] In his motion, petitioner states that by declaration dated August 8, 2007, the Sacramento District Attorney certified to petitioner that it did not have the records at issue. See Motion to Compel, at 4.

[4] On August 15, 2007, respondents filed a response to the motion in which they state that the materials are not in their possession and that they have no control over the non-party from whom the materials are being sought.

2

(1985). Congress can abrogate the Eleventh Amendment without the consent of the states in certain instances or a state may waive its immunity by consenting to suit in federal court. Id.; see also Welch v. Texas Dept. of Highways & Pub. Transp., 483 U.S. 468, 473-74, 107 S.Ct. 2941, 2945-46, 97 L.Ed.2d 389 (1987) (recognizing two exceptions to Eleventh Amendment bar).

Micomonaco, at 319. The United States Supreme Court has "noted . . . that in enacting the habeas corpus statute, 28 U.S.C. § 2254, Congress 'implicitly authorized suit under Ex Parte Young.'" Booth v. State of Maryland, 112 F.3d 139, 144 (4th Cir. 1997) (quoting Seminole Tribe of Florida v. Florida, 517 U.S. 44, 75 n.17 (1996)).[5] Thus, assuming arguendo that a non-party subpoena to a state is a "suit" within the meaning of the Eleventh Amendment, that amendment provides no protection from compliance with a subpoena issued in habeas corpus proceedings under 28 U.S.C. § 2254.

The Clerk also argues that the information sought by petitioner violates established privacy rights of the jurors and implicates "genuine public safety concerns." (Opposition to Motion to Compel Compliance with Subpoena Duces Tecum, filed August 28, 2007, at 8.) It is settled that trial jurors may provide relevant admissible testimony in habeas corpus proceedings involving claims of juror misconduct. See, e.g., Lawson v. Borg, 60 F.3d 608, 610 (9th Cir. 1995). The concerns raised by the Clerk are properly addressed by a protective order of the type by which petitioner, in his April 2, 2007 motion for leave to conduct discovery, agreed to be bound.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's August 14, 2007 motion to compel is granted;

/////

---

[5] In Booth, the United States Court of Appeals for the Fourth Circuit noted that "[f]rom the earliest times, Eleventh Amendment immunity has not prevented actions seeking a writ of habeas corpus, whether the defendant be the sovereign itself, or some agent of the sovereign. Fitzpatrick v. Bitzer, 427 U.S. 445, 455-56, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976); Frank v. Mangum, 237 U.S. 309, 331, 35 S.Ct. 582, 588-89, 59 L.Ed. 969 (1915); Ex Parte Royall, 117 U.S. 241, 249, 6 S.Ct. 734, 738-39, 29 L.Ed. 868 (1886)." Booth, at 144.

2. Within twenty days from the date of this order the Clerk of the Sacramento County Superior Court shall provide all documents responsive to the subpoena duces tecum served by petitioner on July 23, 2007;

3. The information provided to petitioner by the Clerk of the Court shall be used only for purposes of this litigation and shall not be disclosed to petitioner, his family, friends or associates, or to any other person except licensed private investigators working under counsel's direction, and any licensed private investigator to whom such information is provided shall also be bound by the terms of this protective order;

4. Within twenty days from the date of this order the parties shall file and serve a stipulation and proposed order identifying the individual(s) who should be named as respondent(s) in this action; and

5. The status conference set in this matter for September 6, 2007 is continued to November 8, 2007.

DATED: September 5, 2007.

UNITED STATES MAGISTRATE JUDGE

12; muha1856.mtcsdt

4