IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANSAR EL MUHAMMAD, also
Known as CHEVAL WRIGHT,

    Petitioner,               No. 2:04-cv-1856-RRB-JFM

vs.

JEANNE WOODFORD, Director DCD;    **ORDER VACATING MAGISTRATE**
EDDIE YLST,                           **JUDGE'S ORDER AT DOCKET 54**

    Respondents.
_____/

Petitioner Ansar El Muhammad, also known as Cheval Wright ("Petitioner"), is a state prisoner proceeding with counsel with an application for writ of habeas corpus against James Tilton, Director of the California Department of Corrections ("CDC"), and Darrel G. Adams, Warden of Corcoran State Prison,[1] pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge John F. Moulds pursuant to the local rules of the Eastern District of California.

Presently before the Court is Non-Party Subpoenaed Witness Clerk of the Superior Court, Sacramento County

---

[1] On October 11, 2007, Tilton and Adams were substituted as respondents in place of former CDC Director Jeanne Woodford and Warden Eddie Ylst, respectively. See Docket 58.

1

("Superior Court"), with a Request for Reconsideration by the District Judge of the Magistrate Judge's Ruling (at Docket 53) Compelling Compliance with Petitioner's Subpoena Duces Tecum.[2]

The ruling at issue arises from Petitioner's request for leave to conduct discovery to obtain the names, addresses and telephone number of jurors serving at Petitioner's trial. Petitioner alleged that this information was needed in order to determine whether the jurors impermissibly discussed the case or otherwise engaged in misconduct during an extended 11-day break in the middle of their deliberations.[3] Petitioner's trial began on June 4, 2001. Jury deliberations began on July 27, 2001. The following day the jury was dismissed for an 11-day period over the July 4 holiday. Upon return from the break on July 9, 2001, the jury returned a verdict against Petitioner.[4] Although the trial court admonished the jurors with CALJIC No. 1.03 at the outset of juror deliberations,[5] the admonishment was not repeated immediately prior to the extended break. Petitioner asserts that the failure of his trial attorney to ensure that

---

[2] See Dockets 43 & 54.

[3] Docket 40 at 2.

[4] See Docket 43 at 2-3.

[5] Docket 41 at 3-4.

2

the admonition was repeated immediately prior to the extended break constitutes ineffective assistance of counsel.[6]

On June 15, 2007, the Magistrate Judge granted Petitioner leave to conduct the requested discovery.[7] Petitioner subsequently served subpoenas duces tecum on the Sacramento County District Attorney and on the Clerk of the Sacramento County Superior Court. When the Superior Court refused to comply with the subpoena, Petitioner filed a motion to compel, which the Magistrate Judge granted.[8] The Superior Court moves for reconsideration of the Magistrate Judge's order granting Petitioner's motion to compel on the grounds that: (1) the Eleventh Amendment's protection of sovereign immunity precludes enforcement of the subpoena against the Superior Court; and (2) the subpoena violates the jurors' rights of privacy.[9]

The Court has reviewed the Magistrate Judge's order, the Superior Court's motion for reconsideration, and the

---

[6] Docket 40 at 2. "To establish a claim of ineffective assistance of counsel, a party must prove that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense." Jones v. Wood, 114 F.3d 1002, 1010 (9th Cir. 1997). Petitioner seeks the requested discovery in order to investigate facts relevant to the prejudice prong of his ineffective assistance of counsel claim.

[7] Docket 43.

[8] Docket 53.

[9] Docket 54.

parties' subsequent briefing. Based on a thorough review thereof, the Court cannot conclude that the Magistrate Judge's decision that the 11th Amendment does not bar the subpoena against the Superior Court is "clearly erroneous or contrary to law."[10] Because good legal arguments exist both for and against the Superior Court's sovereign immunity argument, the Court is not left with the "definite and firm conviction that a mistake has been made."[11] Accordingly, the Court finds no clear error with this aspect of the Magistrate Judge's order.

However, with respect the Magistrate Judge's conclusion that the subpoena does not violate the privacy of jurors, the Court vacates the Magistrate Judge's order because Petitioner has neither shown good cause, nor made specific allegations of juror misconduct to support the subpoena.

"A habeas petitioner, unlike the usual civil litigants in federal court, is not entitled to discovery as a matter of

---

[10] E.D. Cal. LR 72-303(f) ("The standard that the assigned Judge shall use in all such requests [for reconsideration by a District Judge of rulings by Magistrate Judges] is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."). See also Fed. R. Civ. P. 72(a).

[11] United States v. United States Gypsum, 333 U.S. 364, 395 (1948).

ordinary course."[12]  Nevertheless, the district court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."[13]  The Supreme Court has held that where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."[14]

The Ninth Circuit has historically frowned upon discovery of juror indentifying information and generally prohibits post-verdict interviews of jurors absent a preliminary showing of juror misconduct.[15]  Rule 606(b) of the Federal Rules of Evidence places significant limitations on the admissibility of juror's declarations regarding deliberations because, as a

---

[12] Bracy v. Grambley, 520 U.S. 899, 908-09 (1997); Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999).

[13] Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

[14] Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

[15] See Smith v. Cupp, 457 F.2d 1098, 1100 (9th Cir. 1972); Bryson v. United States, 238 F.2d 657, 665 (9th Cir. 1956).

matter of public policy, federal courts want to discourage harassment of jurors after a guilty verdict.[16]

Here, Petitioner has made no such preliminary showing or specific allegation of juror misconduct. On the contrary, the jurors were properly instructed before they began deliberations and there exists no reason to believe the instructions were disregarded. Petitioner's claim is based purely on speculation that the jurors discussed the case with relatives, friends or each other during the extended break.[17] "Habeas is an important safeguard whose goal is to correct real and obvious wrongs."[18] However, "[i]t was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence."[19] "Courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation."[20]

Although Petitioner's counsel assured that the requested information will not be disclosed to Petitioner or to

---

[16]   United States v. Bagnariol, 665 F.2d 877, 884 n.4 (9th Cir. 1981).

[17]   Docket 40 at 2.

[18]   Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999).

[19]   Id.

[20]   Calderon v. United States Dist. Ct. (Nicholaus), 98 F.3d 1102, 1106 (9th Cir. 1996).

any other person except licensed private investigators working under counsel's direction,[21] and the Magistrate Judges concluded that such a protective order would adequately address public safety concerns,[22] there is more at issue than public safety. The sanctity of jury service performed requires protection of jurors' right to be free of harassment at home and by telephone, and of fear of such contact. The privacy of jurors is paramount, particularly where the jurors were not advised in advance of their service of potential disclosure of their personal identifying information.

These concerns are even more significant where, as here, the jurors completed their public service more than six years ago. It is quite likely that jurors would have little or no recollection of what they may have seen, read, or discussed during this eleven day period over six years ago. Moreover, it would be bad policy, and one which this Court cannot endorse, to allow disclosure of personal identifying information and contact of jurors six years after they completed their service where Petitioner's allegations of misconduct are purely speculative and completely unsupported by evidence and where the likelihood of any material discoveries is slim.

---

[21] Docket 40 at 1.

[22] Docket 53 at 3.

Accordingly, the Magistrate Judge's Order at Docket 53 is hereby vacated.

**IT IS SO ORDERED.**

ENTERED this 9th day of April, 2008.

        S/RALPH R. BEISTLINE
        UNITED STATES DISTRICT JUDGE